UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE SMITH,<br><br>            Plaintiff,<br><br>    v.<br><br>DANNETTE NOVOA, TRIPLE A INSURANCE, and THE CITY OF CLOVIS,<br><br>            Defendants. | Case No. 1:24-cv-00221-HBK<br><br>ORDER TO CLERK TO ASSIGN CASE TO DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS ACTION<br><br>FOURTEEN DAY DEADLINE SCREENING |

Plaintiff, Candace Smith ("Smith"), who is proceeding pro se and *in forma pauperis* initiated this action on February 21, 2024, by filing a form "Complaint for a Civil Case." (Doc. No. 1, "Complaint"). Plaintiff's Complaint is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B). The undersigned notes that the Complaint appears to be duplicative of an earlier action Plaintiff filed on February 14, 2024 at Case No. 1:24-cv-00199-SKO.

**SCREENING AND APPLICABLE LAW**

Because Plaintiff is proceeding *in form pauperis*, the Court may dismiss a case "at any time" if the Court determines, *inter alia*, the action is frivolous or malicious, fails to state claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C § 1915(e)(2)(B)(ii) -(iii); *see also Lopez v. Smith*, 203 F. 3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all litigants proceeding *in form pauperis*). A

1 complaint, however, should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him to relief. *Johnson v. Knowles,* 113 F.3d 1114, 1117 (9th Cir.), *cert. denied,* 552 U.S. 996 (1997).  A complaint must include a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a).  Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Barren v. Harrington*, 152 F. 3d 1193, 1194 (9th Cir. 1998).  As such, a complaint must contain sufficient factual matter to state a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  At this stage, the court accepts the facts stated in the complaint as true. *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740 (1976).  The Court does not accept as true allegations that are merely conclusory, unreasonable inferences, or unwarranted deductions. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Nor are legal conclusions considered facts. *Iqbal*, 556 U.S. at 678.

Due to Plaintiff's pro se status, the Court must liberally construe the Complaint in the light most favorable to the Plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003).  If a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  And "[w]hen a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." *Lopez*, 203 F.3d at 1127 n. 8.  However, it is not the role of the Court to advise a litigant on how to cure the defects.  Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.

**SUMMARY OF COMPLAINT**

The Complaint names the following Defendants: (1) Dannette Novoa, (2) Triple A Insurance and (3) The City of Clovis.  (*Id*. at 2-3).  Under the "Basis of Jurisdiction" section of the Complaint, Plaintiff checks the box next to "Diversity of citizenship." (*Id*. at 3).  When

requested to list the "Basis for Jurisdiction" if jurisdiction is predicated upon "Diversity," Plaintiff indicates she is a citizen of the State of Californian and identifies Defendant Dannette Novoa as a citizen of California but does not list the citizenship of Defendants Triple A Insurance or The City of Clovis. (*Id*. at 4-5).

Due to its brevity, the Court recites in full the "Statement of Claim."

> Torts & Fraud.  Candace Smith plaintiff is filing a court action against the above parties for intentional torts and fraud concerning vehicular attempted manslaughter upon such information and believe these are discrimination & tort acts. of telling friends to hit vehicle, upon such obtaining insurance money. Continue following on phone trackers & gps to create fake accident scene for exploitation.

(*Id*. at 5, unedited text).  As relief, Plaintiff seeks "punitive damages related to injuries & physical, mental & other damages such a[s] medical car[e] & more." (*Id*. at 6).

**ANALYSIS**

At the outset, the Court notes that Plaintiff's claim is duplicative of the claim raised against Defendant Novoa in her earlier filed action at Case No. 1:24-cv-00199-SKO and can be dismissed on that basis alone.  Nonetheless, the Court screens the pro se Complaint and finds the Court lacks jurisdiction.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "[S]ubject matter jurisdiction of the district court is not a waivable matter and may be raised at any time by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).  A federal court is presumed to lack subject matter jurisdiction, and a plaintiff bears the burden of establishing that subject matter jurisdiction is proper.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987).  If a federal court lacks subject matter jurisdiction, the action must be dismissed.  Fed. R. Civ. P. 12(h)(3).

Jurisdiction founded on 28 U.S.C. § 1332 requires the parties be in complete diversity and the amount in controversy exceed $75,000.  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person is considered domiciled in the place they reside if they intent to remain there or intend to return there.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c); *see also Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). Although the State of California is not a "citizen" for purposes of diversity, a political subdivision of the State is a citizen for diversity purposes unless it is simply "the arm or alter ego of the State."  *Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973).

Here the Complaint does not provide a specific dollar amount and it acknowledges that both Plaintiff and Defendant Dannette Novoa are citizens of California.  Further, the Court can take judicial notice that the City of Clovis, as a political subdivision, would be considered a citizen of the California.  Thus, the Complaint facially fails to meet the requirement to establish jurisdiction under §1332.

Turning to federal question jurisdiction,[1] a federal question is presented in an action when the claim "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Liberally construed, the Complaint suggests that Smith was the victim of a staged accident perpetrated to collect insurance proceeds and extort money from her.  While such actions may give rise to criminal actions under state or federal law, and tort actions under state law, the Court cannot conceive of a federal civil action that may be maintained by a private citizen based on these facts.

Courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89

---

[1] The complaint does not assert jurisdiction based on federal, (*see generally* Doc. No. 1), but the Court evaluates the Complaint on this basis in light of Plaintiff's pro se status.

(1998)(citations and internal quotations omitted);*Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction over claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit"); *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1343 (9th Cir. 1981) (court may dismiss a frivolous complaint for lack of subject matter jurisdiction before service of process). A complaint is frivolous when it is based on an indisputably meritless legal theory, or it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Because the Court finds no federal diversity or federal question jurisdiction, to the extent that Smith seeks to bring a claim for tort or fraud under state law, she must pursue that claim in state court. 28 U.S.C. § 1367(c)(3).

**CONCLUSION**

The undersigned finds the Complaint is duplicative of the claim raised against Defendant Novoa in her earlier action at Case No. 1:24-cv-00199-SKO and is subject to dismissal on the basis alone. Further, the undersigned finds this Court lacks either diversity or federal question jurisdiction. Because federal jurisdiction is lacking and any further amendment would be futile, the undersigned recommends the district court dismiss the Complaint without further leave to amend. *McKinney v. Baca*, 250 F. App'x 781 (9th Cir. 2007) *citing Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir. 1992). *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (A district court can deny leave "where the amendment would be futile . . . or where the amended complaint would be subject to dismissal").

In the alternative, because no Defendant has yet been served, Plaintiff may file a notice of voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41. The Court will then, as a matter of law, enter a dismissal of this action without prejudice.

Accordingly, it is **ORDERED**:

The Clerk of Court shall randomly assign this case to a district judge.

It is further **RECOMMENDED:**

The district court dismiss the Complaint without further leave to amend if Plaintiff does not elect to voluntarily dismiss this action.

5

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id*.; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." The assigned District Judge will review these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:     February 27, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE